# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDREW D. WETZEL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-5482** |
| **MALISE PRIETO ET AL.** | **SECTION "H"(2)** |

## ORDER AND REASONS

Plaintiff, Andrew D. Wetzel, is a prisoner currently incarcerated in the David Wade Correctional Center ("DWCC") in Homer, Louisiana.[1] He is a frequent filer of frivolous lawsuits in the federal courts.

Wetzel filed the instant complaint pursuant to 42 U.S.C. § 1983 against Malise Prieto, the Clerk of Court in St. Tammany Parish, St. Tammany Parish Judicial Administrator Adrienne Stroble and three "John Doe" sheriff's deputies from Jefferson Parish. He alleges that defendants Prieto and Stroble failed to file documents and motions he tendered as proof that he is housed with an "offender" who has caused him harm at the prison. He further claims that two of the John Doe defendants told the "offender" that Wetzel reported him. Wetzel also claims that Stroble and the third John Doe defendant failed to supervise their subordinates. Wetzel seeks monetary damages and an order directing Prieto and Stroble to file his documents.

---

[1] Rec. Doc. No. 5.

With his complaint, plaintiff submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This is a non-dispositive pretrial matter which was referred to the undersigned magistrate judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, ("PLRA") now codified at Title 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to Section 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

The court's records establish that plaintiff has filed more than 40 civil lawsuits in this federal court. At least twelve of his prior civil complaints, filed while plaintiff was incarcerated, were dismissed as frivolous and/or for failure to state a claim for which relief can be granted. These include, but are not limited to, the following case: <u>Andrew Wetzel v. Rodney Strain, et al.</u>, Civ. Action 09-7637"C"(4); <u>Andrew Wetzel v. Rodney Strain, et al.</u>, Civ. Action 09-7633"R"(3); <u>Andrew David Wetzel v. Judge Richard A. Swartz, et al.</u>, Civ. Action 09-7380"S"(5); <u>Andrew Wetzel v. Judge Allison Penzato, et al.</u>, Civ. Action 09-7211"C"(1).

Wetzel has also since been barred on at least 24 occasions from proceeding with his civil complaints as a pauper in this court pursuant to 28 U.S.C. §1915(g).  See e.g., Andrew D. Wetzel v. Judge Richard A. Swartz, et al., Civ. Action 14-2527"R"(4); Andrew D. Wetzel v. La. Dep't of Corrs., et al., Civ. Action 13-5484"B"(1); Andrew David Wetzel v. Warden Jerry Goodwin, et al., Civ. Action 13-3478"N"(5); Andrew D. Wetzel v. Warden Robert Tanner, et al., Civ. Action 13-2487"B"(3).

Despite the three-strikes bar against further civil filings by Wetzel, however, the court allowed him to proceed with C. A. No. 12-1550"A"(2), given that he asserted facts sufficient to establish imminent danger of serious physical injury at the time of filing. Although Wetzel attempts to avoid the bar again in this case by asserting that he is in imminent danger of serious physical injury, his present circumstances differ from those in the prior action, and he has not established facts to support imminent danger in this instance.

Imminent danger refers to threats which are "real and proximate," meaning "a genuine emergency where time is pressing." See e.g., Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003); Banos v. O'Guinn, 144 F.3d 863, 884-85 (5th Cir. 1998). Plaintiffs must state specific facts, not conclusory allegations to establish this level of urgent concern for their physical safety. Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986). In addition, to avoid the Section 1915(g) bar, an allegation of imminent danger

must relate to the claims forming the basis of the complaint, and the claim for relief must be for the alleviation of that threat of harm. Judd v. Federal Election Commission, 311 F. App'x 730, 731 (5th Cir. 2009); Crooker v. United States, No. 11-10495, 2011 WL 1375613, at *2 (D. Mass. Apr. 2, 2011).

In this case, Wetzel does not establish specific facts to support his conclusory and unsubstantiated allegation regarding imminent danger of serious physical injury. His attachment to the complaint simply lists past incidents of alleged sexual assaults, although he does not indicate where the incidents occurred.[2] He does not allege or show that he is now or was in imminent danger of further harm at the time he filed this complaint. See Banos, 144 F.3d at 883; Cloud v. Stotts, 455 F. App'x 534 (5th Cir. 2011). Allegations of past harms or dangers do not suffice to overcome the three-strikes bar. Banos, 144 F.3d at 884.

In addition, Wetzel does not seek relief from this court related to an imminent danger or the prevention of some future impending danger. Instead, he seeks only monetary compensation for the alleged failure of two of the defendants to file his pleadings and the John Doe defendants' alleged failure to protect him from past harms. The pursuit of monetary compensation, with no claim or even speculation of future harm, does not suffice to overcome the bar under Section 1915(g).

---

[2] Rec. Doc. No. 5, p. 5.

For the foregoing reasons, Wetzel is <u>not</u> entitled to proceed in forma pauperis pursuant to the provisions of the PLRA and Section 1915(g).  Accordingly, **IT IS ORDERED** that Andrew Wetzel's motion to proceed in forma pauperis is **DENIED** pursuant to 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this ___7th___ day of June, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE